## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                      No. CR 10-3093-003 JB

CARMEN CARRASCO,

      Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Appeal from Magistrate's Order of Detention, filed November 24, 2010 (Doc. 153). The Court held an evidentiary hearing on December 8, 2010. The primary issue is whether the Court should review the Order of the Honorable Carmen E. Garza, United States Magistrate Judge for the District of New Mexico, denying Defendant Carmen Carrasco conditions of release. The Court concludes that Plaintiff United States of America has proved, by a preponderance of the evidence, that C. Carrasco is a flight risk and, by clear-and-convincing evidence, that C. Carrasco is a danger to the community, and the Court therefore affirms Judge Garza's Order denying C. Carrasco conditions of release.

### FACTUAL BACKGROUND

C. Carrasco became a naturalized United States citizen in 1989. Much of C. Carrasco's family, including her parents, reside in El Paso, Texas. She has employment at a beauty salon, where she has worked for five years. Her daughter, Elizabeth Carrasco, is twenty-seven years old and resides in Chaparral, New Mexico. E. Carrasco is employed at a doctor's office and attends college.

On November 17, 2010, the United States Probation Office completed a Pretrial Services ("PTS") report for C. Carrasco.  The PTS report shows that C. Carrasco's criminal history includes a number of convictions spanning approximately twenty-eight years, dating back to 1982.  According to the PTS report, C. Carrasco has three known convictions: (i) on January 4, 1996, C. Carrasco was convicted of theft of property greater than or equal to $50.00, but less than $500.00, for which she was sentenced to 180 days probation, a fine, and community service; (ii) on October 3, 2002, C. Carrasco was convicted of possession of marijuana between four ounces and five pounds, a felony, for which she was sentenced to five years probation, and a fine plus court costs; and (iii) on January 25, 2005, C. Carrasco was convicted of theft of property greater than or equal to $50.00, but less than $500.00, for which she was sentenced to 180 days in jail, eighteen months probation, and a fine plus court costs.  C. Carrasco has a pending felony listed in her criminal history -- August 28, 2010, Alamogordo, New Mexico -- which is the same allegation set forth in Count 2 of the Indictment for the present charge.  The United States has indicated the state charge will be dismissed, because it is now prosecuting the incident.  At the time of her arrest on the federal charges, C. Carrasco was out on bond on the state charges, and was regularly reporting to her state attorney and bondsman.

At the December 8, 2010 hearing, Drug Enforcement Agency ("DEA") agent Jerry Smith testified that the charges against C. Carrasco and her co-conspirators are the result of a lengthy investigation which included over four months of court-authorized Title III[1] wiretap interception of six different telephones, and video surveillance of three different residences.  Smith testified that C. Carrasco was repeatedly intercepted in conversations with co-Defendant Javier Perez on her

---

[1] Title III of the Omnibus Crime Control and Safe Streets Act of 1968, codified at 18 U.S.C. §§ 2510 through 2522.

wiretapped telephone, and on multiple occasions -- most Tuesdays and Fridays during three months of observation -- Perez and C. Carrasco arranged for Perez to go to C. Carrasco's residence.  Smith further testified that, using video surveillance, agents observed multiple occurrences at C. Carrasco's residence when Perez would arrive and either exit his vehicle and walk to the front of the residence, or remain in his vehicle while C. Carrasco would walk to the window and reach into the vehicle.  These meetings were brief, and Smith testified that the meetings are consistent with other hand-to-hand drug deals that he has witnessed in the past.

Smith also testified that, on or about July 31, 2010, C. Carrasco delivered a vehicle loaded with cocaine to a property located at 718 Applewood Road, Canutillo, Texas.  He further testified that, on August 27, 2010, DEA agents intercepted a telephone call between C. Carrasco and her co-Defendant, Pablo Fuentes, discussing transporting cocaine to Denver, Colorado.  Following the telephone call, agents observed C. Carrasco, Fuentes, and co-Defendants Mario Di Franco and Jesus De La Torre at C. Carrasco's residence with a rental vehicle.  Agents intercepted a telephone call between C. Carrasco and Fuentes stating that the rental vehicle would need to go to Alamogordo, New Mexico, before traveling to Denver.  Later that day, at a Border Patrol checkpoint, the rental vehicle was stopped, and C. Carrasco was found with approximately two kilograms of cocaine.  She was held for about a week and released pending trial.  One day after she was released, agents intercepted a call between C. Carrasco and an unknown male arranging the sale of one ounce of cocaine.  The agents also intercepted numerous other calls referencing cocaine and drug proceeds.

Smith also testified that agents intercepted telephone calls indicating that C. Carrasco had crossed the border into Mexico.  Border Patrol crossing reports, however, do not show that she crossed into Mexico during that time.  Smith surmised that this lack of a verified crossing suggests that C. Carrasco is able to cross into Mexico using an assumed name.  He further testified that C.

-3-

Carrasco has about twelve contacts in Mexico with whom she transacts business.

During the surveillance of C. Carrasco's telephone, Smith did not hear her discuss working at a salon.  He also heard no conversations concerning receiving paychecks or legitimate income. Rather, he heard her discuss taking merchandise from beauty supply stores without paying for the items.

## PROCEDURAL BACKGROUND

On November 10, 2010, a federal Grand Jury returned a seven-count Indictment charging twenty-three people, including C. Carrasco, with, among other things, conspiracy to possess with intent to distribute five kilograms and more of cocaine, contrary to 21 U.S.C. §§ 841(a)(1), and (b)(1)(A), and with possession with intent to distribute over 500 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).  See Doc. 2.  On November 16, 2010, seventeen arrest warrants and seven search warrants were executed.  C. Carrasco was arrested on that day, and her residence was searched.  On November 17, 2010, C. Carrasco had her initial appearance before Judge Garza, where the United States made oral motions for a detention hearing and to continue the detention hearing to a later date, and Judge Garza granted the United States' motions.

On November 19, 2010, C. Carrasco was arraigned, and she entered a plea of not guilty. Judge Garza also held a detention hearing.  After hearing arguments from the parties, Judge Garza ordered C. Carrasco held without bond pending trial as a danger to the community and as a flight risk.  Judge Garza executed a Detention Order on November 22, 2010.  See Doc. 123.

On November 24, 2010, C. Carrasco's attorney, Jess Lilley, filed the Defendant's Appeal from Magistrate's Order of Detention.  See Doc. 153.  C. Carrasco appeals, pursuant to 18 U.S.C. § 3145, Judge Garza's detention order.  C. Carrasco argues that she is not a flight risk and that she has strong ties to the community.  She contends that E. Carrasco, whom Pretrial Services found to

be a suitable third-party custodian, is willing to serve as a third-party custodian and will also sign as a guarantee on any bond.  C. Carrasco requests an immediate hearing to present this appeal.

In advance of the hearing that C. Carrasco requests and the Court scheduled for December 8, 2010, the United States on December 7, 2010, filed the United States' Response to Defendant's Appeal of Pretrial Detention.  <u>See</u> Doc. 196.  The United States asks the Court to uphold the November 22, 2010 Detention Order that Judge Garza entered.  The United States submits its brief in support of detention, arguing that C. Carrasco is a flight risk and danger to the community, and there are no conditions or combination of conditions that can reasonably assure the safety of the community and her appearance for trial.  At the December 8, 2010 hearing, Smith testified about the evidence gathered by the DEA during its investigation that implicated C. Carrasco.

## STANDARD OF REVIEW BY THE DISTRICT COURT

"The standard of review for the district court's review of a magistrate judge's detention or release order under § 3145(a) is de novo."  <u>United States v. Cisneros</u>, 328 F.3d 610, 616 n.1 (10th Cir. 2003).  "When the district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the district court acts de novo and must make an independent determination of the proper pretrial detention or conditions for release."  <u>United States v. Rueben</u>, 974 F.2d 580, 585-86 (5th Cir. 1992).  <u>See</u>  <u>United States v. Maull</u>, 773 F.2d 1479, 1481 (8th Cir.1985)(stating that a district court's review of magistrate judge's order setting bond was de novo).

## STATUTORY PRESUMPTION AGAINST RELEASE

Pursuant to the Bail Reform Act of 1984, 18 U.S.C. §§ 3141 through 3156, a defendant may be detained pending trial only after a hearing, held pursuant to 18 U.S.C. § 3142(f), and upon a finding "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).  At

such a hearing, the United States bears the burden of proving risk of flight by a preponderance of the evidence, and the burden of proving dangerousness by clear and convincing evidence.  <u>See</u> 18 U.S.C. § 3142(f); <u>United States v. Cisneros</u>, 328 F.3d at 616.  A statutory presumption arises "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if" a court "finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act."  18 U.S.C. § 3142(e)(3).  <u>See</u> <u>United States v. Villapudus-Quintoro</u>, No. 08-2308, 2009 WL 141931, at *1 (10th Cir. Jan. 22, 2009)(recognizing that 18 U.S.C. § 3142(e) establishes a rebuttable presumption favoring detention in the case of, among other defendants, certain alleged drug offenders).

> Under section 3142(e), upon a finding of probable cause that the defendant has committed a federal drug offense carrying a maximum prison term of ten years or more, a rebuttable presumption arises that no conditions of release will assure defendant's appearance and the safety of the community.  Once the presumption is invoked, the burden of production shifts to the defendant.  However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government.  The defendant's burden of production is not heavy, but some evidence must be produced.  Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain.

<u>United States v. Stricklin</u>, 932 F.2d 1353, 1354-55 (10th Cir. 1991).

Should the defendant satisfy his or her burden of production, the United States must then show by a preponderance of the evidence that the defendant presents a risk of flight or by clear-and-convincing evidence that the defendant presents a danger to the community.  <u>See</u> <u>United States v. Mercedes</u>, 254 F.3d at 436; <u>United States v. Stricklin</u>, 932 F.2d at 1354-55 ("[T]he burden of persuasion regarding risk-of-flight and danger to the community always remains with the government.").  Notably, however, even if the defendant meets his or her burden of production, "the

presumption remains a factor for consideration by the district court in determining whether to release or detain." United States v. Stricklin, 932 F.2d at 1355 (citation omitted). Accord United States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001). To determine whether the United States has met its burden of persuasion, the court must consider: (i) the nature and circumstances of the crime charged; (ii) the weight of the evidence against the defendant; (iii) the history and characteristics of the defendant, including family ties, employment, financial resources, community ties, drug or alcohol abuse history, and past conduct; and (iv) the nature and seriousness of the danger to the community or to an individual that would be posed by release. See 18 U.S.C. § 3142(g). "The rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f).

## ANALYSIS

The Court concludes that C. Carrasco is a flight risk and a danger to the community, and should be detained pending trial. The statutory presumption is present, because probable cause supports finding that C. Carrasco conspired to possess with intent to distribute five kilograms and more of cocaine, and that she and co-Defendants possessed with intent to distribute over 500 grams of cocaine. Pursuant to the 18 U.S.C. § 3142(g) factors, the Court finds, based on the quantity of narcotics involved, the strength of the United States' case, the severity of the sentence C. Carrasco faces if convicted, C. Carrasco's criminal history, and her ties to Mexico, that a preponderance of the evidence supports finding that C. Carrasco is a flight risk. Because of the nature of the crime, and C. Carrasco's willingness to resume selling drugs immediately after her release from custody, the Court finds clear-and-convincing evidence supports finding she is a danger to the community. As such, there are no conditions, nor a combination of conditions, that will adequately ensure the community's safety and C. Carrasco's presence at trial. See 18 U.S.C. § 3142(g). Accordingly, the

-7-

Court will order C. Carrasco detained pending trial.

**I.      THE STATUTORY PRESUMPTION IS PRESENT.**

The Grand Jury found probable cause to believe that C. Carrasco conspired to possess with intent to distribute five kilograms and more of cocaine, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(a), in violation of 21 U.S.C. § 846, and that she possessed with intent to distribute over 500 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).  "[T]he Tenth Circuit has explained that '[t]he grand jury indictment is sufficient to establish the finding of probable cause that defendant committed a federal drug offense with a maximum prison term of ten years or more.'" United States v. Moreau, No. 07-cr-0388-JB, 2007 WL 2219412, at *4 (D.N.M. May 7, 2007)(Browning, J.)(quoting United States v. Silva, 7 F.3d 1046, 1046 (10th Cir. 1993)). See United States v. Stone, 608 F.3d 939, 945 (6th Cir. 2010)("A grand jury indictment, by itself, establishes probable cause to believe that a defendant committed the crime with which [s]he is charged." (citing United States v. Hazime, 762 F.2d 34, 37 (6th Cir. 1985)).  "Thus, when the government presents an indictment including charges listed in section 3142(e)(3), it has fulfilled its burden to establish the presumption in favor of detention."  United States v. Stone, 608 F.3d at 945.  See United States v. Cruz, 23 F.3d 395, at *1 (1st Cir. 1994)("The grand jury indictment . . . gave the district court probable cause to believe that appellant had committed a crime of violence . . . .  This, in turn, triggered the rebuttable presumption contained in § 3142(e)."  (citing United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991)(per curiam))); United States v. Silva, 7 F.3d at 1046; United States v. v. Quartermaine, 913 F.2d 910, 916 (11th Cir. 1990)("A grand jury indictment provides the probable cause required by the statute to trigger the presumption."  (citing United States v. Hurtado, 779 F.2d 1467, 1479 (11th Cir. 1985))); United States v. Williams, 903 F.2d 844, at *1 (D.C. Cir. 1990)("Courts of appeals, however, have uniformly held that a judicial officer may rely on a grand

jury indictment to establish probable cause for the purposes of triggering the rebuttable presumption of section 3142(e)."  (citing <u>United States v. Vargas</u>, 804 F.2d 157, 163 (1st Cir. 1986); <u>United States v. Suppa</u>, 799 F.2d 115, 118-19 (3d Cir. 1986); <u>United States v. Dominguez</u>, 783 F.2d 702, 706 n.7 (7th Cir. 1986); <u>United States v. Hurtado</u>, 779 F.2d 1467, 1477-79 (11th Cir. 1985); <u>United States v. Contreras</u>, 776 F.2d 51 (2d Cir. 1985); <u>United States v. Hazime</u>, 762 F.2d 34, 37 (6th Cir. 1985); <u>United States v. Mosuro</u>, 648 F. Supp. 316, 318 (D.D.C. 1986))).  Moreover, the United States presented evidence that C. Carrasco communicated and participated in the delivery of cocaine, including that, on or about July 31, 2010, C. Carrasco delivered a vehicle loaded with cocaine to a property located at 718 Applewood Road, Canutillo, Texas, and on August 27, 2010, she was found with approximately two kilograms of cocaine at a Border Patrol checkpoint.  Because probable cause exists to believe C. Carrasco violated the statutory provisions -- which carries a ten-year minimum sentence under 21 U.S.C. § 841(b)(1)(A)(viii) --  a presumption arises "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community."  18 U.S.C. § 3142(e)(3)(stating this presumption applies to Controlled Substances Act violations "for which a maximum term of imprisonment of ten years or more is prescribed").

## II.   THE COURT CONCLUDES THAT C. CARRASCO IS A FLIGHT RISK AND A DANGER TO THE COMMUNITY.

The Court concludes that C. Carrasco should be detained pending trial.  The United States argues that C. Carrasco must be detained pending trial because she is, by a preponderance of the evidence, a flight-risk, and, by clear-and-convincing evidence, a danger to the community.  The United States contends that, based on C. Carrasco's criminal record, the United States anticipates that she will not be safety-valve eligible, and may be facing an enhancement pursuant to 21 U.S.C.

§ 851, which would result in a mandatory twenty-year term of imprisonment upon conviction for Count 1, and no less than ten-years and no more than life imprisonment upon conviction for Count 2.  Faced with a severe sentence and strong evidence, the United States contends, no condition or combination of conditions will adequately deter C. Carrasco's flight and ensure the community's safety.  C. Carrasco asserts that she has strong ties to the community, specifically much of her family lives in El Paso and she has a good work history.

The Court concludes that C. Carrasco meets her burden of production and rebuts the statutory presumption favoring detention.  See United States v. Stricklin, 932 F.2d at 1355 ("The defendant's burden of production is not heavy, but some evidence must be produced.").  While C. Carrasco has rebutted the presumption, it "remains a factor for consideration by the district court in determining whether to release or detain."  United States v. Stricklin, 932 F.2d at 1355 (citation omitted).  The Court further concludes that the United States has shown, by a preponderance of the evidence, that C. Carrasco presents a risk of flight, and by clear-and-convincing evidence that she is a danger to the community.  See United States v. Mercedes, 254 F.3d at 436; United States v. Stricklin, 932 F.2d at 1354-55 ("[T]he burden of persuasion regarding risk-of-flight and danger to the community always remains with the government.").  The Court also concludes that no conditions will adequately deter C. Carrasco's flight.  Because the Court "finds that no condition or combination of conditions will reasonably assure the appearance of [C. Carrasco] as required and the safety of any other person and the community, [the Court] shall order the detention of [C. Carrasco] before trial."  18 U.S.C. § 3142(e)(1).

### A.    C. CARRASCO IS A FLIGHT RISK.

The Court finds, by the preponderance of the evidence, that C. Carrasco is a flight risk.  She faces charges that carry substantial sentences.  The United States presents weighty evidence of

C. Carrasco's guilt.  C. Carrasco's criminal history demonstrates her capacity for breaking the law. She has family in Mexico, where her parents own a ranch.  Consequently, the Court concludes that, if the Court were to release C. Carrasco pending trial, it is more likely than not that she would flee.

       1.      **The Nature and Circumstances of the Crime Charged Demonstrate C. Carrasco Is a Flight Risk.**

The crime with which C. Carrasco is charged carries substantial penalties.  Based on C. Carrasco's criminal record, she may not be safety-valve eligible, subjecting her to an enhancement pursuant to 21 U.S.C. § 851, which would result in a mandatory twenty-year term of imprisonment upon conviction for Count 1, and no less than ten years and no more than life imprisonment upon conviction for Count 2.  This Court has previously noted that "[t]he rebuttable presumption in drug-trafficking cases is statutory, and arises out of Congress' concern that individuals involved in drug trafficking often have foreign contacts and the ability to leave the country, and incentives to remain active in the drug trade."  United States v. Disher, 650 F.Supp.2d 1131, 1136 (D.N.M. 2009)(Browning, J.)(citing United States v. Moreno, 30 F.3d 127, at *2 (1st Cir. 1994).  The concern is realized in this case, because C. Carrasco has approximately twelve contacts in Mexico with whom she transacts drug business.  Moreover, Smith testified that agents intercepted telephone calls indicating that C. Carrasco had crossed the border into Mexico.  Because Border Patrol crossing reports do not show that she crossed into Mexico during that time, she likely crossed using an assumed name.  Because of the nature of the crime, the severe sentence C. Carrasco faces, and her criminal ties to Mexico, the Court finds the first factor supports detaining C. Carrasco pending trial.

       2.      **The Weight of the United States' Evidence Against C. Carrasco Shows She Is a Flight Risk.**

The weight of the United States' evidence against C. Carrasco favors detaining her before

trial.  "[T]he weight of the evidence offered in support of [the charge against C. Carrasco] is significant," giving her ample reason to flee if she is released pending trial.  United States v. Cisneros, 328 F.3d at 618 (recognizing that the United States "need not offer all of its evidence" at the detention stage of the criminal proceeding).  The indictment against C. Carrasco and her co-conspirators is the result of a lengthy investigation which included over four months of court-authorized Title III wiretap interception of six different telephones, including C. Carrasco's telephone, and video surveillance of three different residences, including C. Carrasco' s residence. C. Carrasco was repeatedly intercepted in conversations with Perez on her wiretapped telephone, and on multiple occasions -- most Tuesdays and Fridays during three months of observation -- Perez and C. Carrasco arranged for the Perez to go to C. Carrasco's residence.  DEA agents observed multiple occurrences at C. Carrasco's residence when Perez would arrive, and either exit his vehicle and walk to the front of the residence, or remain in his vehicle while C. Carrasco would walk to the window of his vehicle and reach into the vehicle.  These meetings were brief, and Smith testified that the meetings are consistent with other hand-to-hand drug deals that he has witnessed in the past.

On or about July 31, 2010, C. Carrasco delivered a vehicle loaded with cocaine to a property located at 718 Applewood Road, Canutillo, Texas.  On August 27, 2010, DEA agents intercepted a telephone call between C. Carrasco and Fuentes discussing transporting cocaine to Denver, Colorado.  Following the telephone call, DEA agents observed C. Carrasco, Fuentes, and co-Defendants Di Franco and De La Torre at C. Carrasco's residence with a rental vehicle.  Agents intercepted a telephone call between C. Carrasco and Fuentes stating that the rental vehicle would need to go to Alamogordo before traveling to Denver.  Later that day, at a Border Patrol checkpoint, the rental vehicle was stopped, and C. Carrasco was found with approximately two kilograms of cocaine.  She was held for about a week and released pending trial.  One day after she was released,

-12-

agents intercepted a call between C. Carrasco and an unknown male arranging the sale of one ounce of cocaine. The agents also intercepted numerous other calls referencing cocaine and drug proceeds. Because the United States presents considerable evidence of against C. Carrasco, the Court finds this factor also favors detaining C. Carrasco pending trial.

3.      **C. Carrasco's History and Characteristics Evince That She Is a Flight Risk.**

C. Carrasco's history and characteristics offer further support for finding that she is a flight risk. Some of her characteristics demonstrate ties to the community. She contends she has employment at a beauty salon, where she has worked for five years. Her daughter, E. Carrasco, has agreed to be C. Carrasco's third-party custodian. E. Carrasco is twenty-seven years old and resides in Chaparral, and she is employed at a doctor's office and attends college. Given C. Carrasco's age and maturity, however, the Court is not convinced that, if C. Carrasco decided to flee to Mexico, her daughter would be able to stop her from going.

While C. Carrasco's parents live in El Paso, they also have a ranch in Mexico and spend significant time in Mexico during pea harvesting season. See United States v. Cisneros, 328 F.3d 610, 618 (10th Cir. 2003)(noting a defendant's "close family in Mexico . . . and that in the past [the defendant] has traveled to Juarez with a sister and other family members" weighed in favor of detention). Moreover, C. Carrasco did not reveal that her parents had a ranch in Mexico to PTS during her initial interview, and the Court finds her lack of candor troubling.

Additionally, C. Carrasco has not shown herself to be otherwise law abiding. Over the course of the past twenty-eight years, C. Carrasco has three known convictions, including a felony conviction from 2002 for possession of marijuana between four ounces and five pounds. After being arrested on August 27, 2010, and detained by state authorities, C. Carrasco was released on bond

-13-

on the state charges, and was regularly reporting to her state attorney and bondsman.  The federal charges, however, carry significantly more substantial consequences than the state charges, which place more pressure on C. Carrasco to flee.

In sum, by a preponderance of the evidence, the Court concludes that C. Carrasco is a flight risk given the serious penalties she faces, her criminal record, the strength of the United States' case, and C. Carrasco's ties to Mexico.  On balance, C. Carrasco's ties to the community appear insufficient to reduce to acceptable levels her risk of flight.  In light of the severity of the sentence she is facing, the strength of the United States' evidence, and her ties to Mexico, C. Carrasco has significant reason to abscond and avoid incarceration.

### B.    C. CARRASCO IS A DANGER TO THE COMMUNITY.

Because the United States has presented probable cause supporting C. Carrasco's federal charges, the statutory presumption that C. Carrasco poses a danger to the community is triggered. Even though C. Carrasco has rebutted that presumption, the presumption remains a factor for this Court to consider in making its ultimate determination regarding detention.  See United States v. Stricklin, 932 F.2d at 1355 ("Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain."). C. Carrasco is charged with conspiracy to possess with intent to distribute five kilograms and more of cocaine, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and with possession with intent to distribute over 500 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).  These are serious crimes which "threaten[ ] to cause grave harm to society."  Harmelin v. Michigan, 501 U.S. 957, 1002 (1991)(stating that the "possession, use, and distribution of illegal drugs represent one of the greatest problems affecting the health and welfare" of the United States).  Thus, beyond the presumption, the federal charges provide reason to deem C. Carrasco a danger to the community,

even though no guns or violence appear to have been used to further the conspiracy.  See United States v. Pina-Aboite, 97 F. App'x at 836 (recognizing that 18 U.S.C. § 3142 "danger-to-the-community factor is not simply about physical violence; the risk that a defendant will continue to engage in drug trafficking constitutes a danger to the community" (citing United States v. Cook, 880 F.2d 1158, 1161 (10th Cir.1989)).  Moreover, one day after being released on bond following a week of detention subsequent to her August 27, 2010 drug arrest on state charges, C. Carrasco resumed selling drugs.  The Court has no assurance that, if it were to release her on these federal charges, she would not resume selling drugs.  Consequently, the Court finds that, by clear-and-convincing evidence, C. Carrasco presents a danger to the community.

**IT IS ORDERED** that: (i) the Court grants the request for a hearing in the Defendant's Appeal from Magistrate's Order of Detention, filed November 24, 2010 (Doc. 153); (ii) the Court otherwise denies Defendant Carmen Carrasco's requests in her Appeal; and (iii) affirms the Honorable Carmen E. Garza, United States Magistrate's Order denying Carrasco conditions of release.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Kenneth J. Gonzales
  United States Attorney
Sarah M. Davenport
  Assistant United States Attorney
United States Attorney's Office
District of New Mexico
Las Cruces, New Mexico

     *Attorneys for the Plaintiff*

-15-

Jess R. Lilley
Lilley Law Office
Las Cruces, New Mexico

*Attorney for the Defendant*