**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                 No. CR 10-3093 JB

CARMEN CARRASCO,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum, filed February 20, 2012 (Doc. 562). The Court held a sentencing hearing on March 26, 2012. The primary issue is whether the Court should depart or vary downward to a sentence of 60-months imprisonment. The Court will grant the request in the Sentencing Memorandum and will sentence Defendant Carmen Carrasco to a 60-month sentence.

**PROCEDURAL BACKGROUND**

On November 10, 2010, a federal Grand Jury returned a seven-count Indictment charging twenty-three people, including Carrasco, with, among other things, conspiracy to possess with intent to distribute 5 kilograms and more of cocaine, contrary to 21 U.S.C. § 841(a)(1), and (b)(1)(A), and with possession with intent to distribute over 500 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). See Doc. 2. On July 20, 2012, Carrasco pled guilty to: (i) a lesser included offense of Count I, a violation of 21 U.S.C. § 846, that being conspiracy to possess with intent to distribute 500 grams and more of a mixture and substance containing a detectable amount of cocaine; and (ii) Count 2, a violation of 21 U.S.C. § 842(a)(1) and (b)(1)(B), possession with intent to distribute 500 grams and more of cocaine and 18 U.S.C. § 2, aiding and abetting. See Plea

Agreement ¶ 3, at 2, filed July 20, 2011 (Doc. 497). The parties stipulate that Carrasco is responsible for between 2 and 3.5 kilograms of cocaine. See Plea Agreement ¶ 9(a), at 4. The parties also agree that Carrasco has demonstrated acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a), and that, so long as she meets the requirements, Plaintiff United States of America will move for an additional 1-level reduction, pursuant to U.S.S.G. § 3E1.1(b). See Plea Agreement ¶ 9(b)-(c), at 4-5. The parties agree that Carrasco played neither an aggravating nor a mitigating role in the offense. See Plea Agreement ¶ 9(d), at 5. Carrasco waived her right to appeal the conviction and any sentence under the maximum statutory penalty. See Plea Agreement ¶ 13, at 6.

On February 2, 2012, the United States Probation Office ("USPO") issued a Presentence Investigation Report ("PSR") on Carrasco. The Counts to which Carrasco pled guilty are grouped on the basis of total quantity of the substance involved, pursuant to U.S.S.G. § 3D1.2(d). See PSR ¶ 92, at 30. The USPO calculates a base offense level of 28, pursuant to U.S.S.G. § 2D1.1(c)(6), based on information demonstrating that Carrasco is accountable for between 2 and 3.5 kilograms of cocaine. See PSR ¶ 93, at 30-31. The USPO also agrees with the stipulation in the Plea Agreement that Carrasco played neither an aggravating nor mitigating role in the offense. See PSR ¶ 96, at 31. The USPO then applies a 3-level reduction pursuant to U.S.S.G. § 3E1.1. See PSR ¶ 99, at 31. Carrasco has a total offense level of 25. See PSR ¶ 100, at 31. Based on 2 criminal history points, the USPO calculates that Carrasco has a criminal history category of II. See PSR ¶ 105, at 33. The USPO notes that, as to each of the counts, there is a statutory minimum of five years or 60-months imprisonment. See PSR ¶ 135, at 41. A total offense level of 25 and a criminal history category of II, establishes a guideline imprisonment range of 63 to 78 months. On February 13, 2012, the USPO provided an Addendum to the PSR, which identifies Carrasco's work as a seamstress at the Dona Ana County Detention Center as a potential ground for a downward

departure, pursuant to U.S.S.G. § 5H1.11.

On February 20, 2012, Carrasco filed her Sentencing Memorandum. See Doc. 562. Carrasco requests a sentence of 60-months imprisonment, the statutory minimum. See Sentencing Memorandum at 1. She argues that, pursuant to U.S.S.G. § 5H1.11, the Court should depart downward 3 months because of her extraordinary charitable or public service. See Sentencing Memorandum ¶ 4, at 1. She notes that she has saved the taxpayers over $52,000.00 in seamstress services and that such work justifies a 1-level departure to a guideline range which would permit a 60-month sentence. See Sentencing Memorandum ¶ 4, at 1-2. As an alternative, Carrasco argues that the Court could also vary to a 60-month sentence based on her seamstress services and "impressive efforts to rehabilitate herself since her arrest." Sentencing Memorandum ¶ 5, at 2. On March 23, 2012, the United States filed the United States' Response to Defendant's Sentencing Memorandum. See Doc. 565 ("Response"). The United States asserts that Carrasco has saved the Dona Ana County Detention Center approximately $52,000.00 and that, while other detainees were allowed the opportunity to do the same volunteer work, none of those who took the opportunity worked as efficiently or accurately as Carrasco. See Response at 2. Based on this information the United States has no objection to a 3-month downward departure. See Response at 2. It agrees that Carrasco's contributions are out of the ordinary and exceed the efforts that defendants typically make. See Response at 2.

On March 26, 2012, the Court held a sentencing hearing. At the hearing, the Court found that Carrasco's efforts fall outside the heartland of activities that defendants perform in prison. See Transcript of Hearing at 2:19-24 (March 26, 2012)(Court)("Tr.").[1] The Court also granted the

---

[1] The Court's citations to the transcripts of the hearing refer to the court reporter's original, unedited version. Any final transcripts may contain slightly different page and/or line numbers.

United States' motion for a 1-level reduction, pursuant to U.S.S.G. § 3E1.1(b).  See Tr. at 2:25-3:6 (Court, Lilley).  Carrasco stated that all the parties agree that a 60-month sentence is appropriate.  See Tr. at 3:10-14 (Lilley).  She asserted that she has taken seven courses at the detention center to further her education and that she wishes to participate in the 500-hour drug program to get her life back on track.  See Tr. at 3:15-4:2 (Lilley).  The United States asserted that a 60-month sentence is sufficient, but not greater than necessary, under the circumstances of this case.  See Tr. at 5:10-13 (Davenport).

**ANALYSIS**

The Court will grant the request for a 3-month downward departure and a sentence of 60-months imprisonment.  U.S.S.G. § 5H1.11 provides that "[c]ivic, charitable, or public service; employment-related contributions; and similar good works are not ordinarily relevant in determining whether a departure is warranted."  A district court may, however, depart downward on the basis of such a discouraged factor if "the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present."  United States v. Collins, 122 F.3d 1297, 1302 (10th Cir. 1997).  Carrasco's work at the detention center is beyond what the Court would ordinarily expect from a defendant volunteering in prison.  She has saved New Mexico taxpayers approximately $52,000.00, and her work exceeded the work of other volunteers in both quality and time committed.  See Response at 2.  While ordinarily such volunteer work does not entitle a defendant to a downward departure, here the United States and USPO agree that the Court should depart downward 3 months or the equivalent of 1 offense level.  The Court finds that Carrasco's public service falls outside the heartland of cases and that her efforts went above and beyond what a defendant would typically contribute as a volunteer.  The Court finds that the money she has saved the taxpayers is extraordinary, and the Court will depart downward 3 months.

Accordingly, the Court will grant the request in the Sentencing Memorandum and will sentence Carrasco to 60-months imprisonment.

**IT IS ORDERED** that Court will grant the request in the Defendant's Sentencing Memorandum, filed February 20, 2012 (Doc. 562). The Court will depart downward 3 months and will sentence Defendant Carmen Carrasco to 60-months imprisonment.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Kenneth J. Gonzales
 United States Attorney
Sarah M. Davenport
 Assistant United States Attorney
United States Attorney's Office
Las Cruces, New Mexico

   *Attorneys for the Plaintiff*

Jess R. Lilley
Lilley Law Office
Las Cruces, New Mexico

   *Attorney for the Defendant*